UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM D'AMBROSIO,<br><br>          Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>          Defendant. | Case No.  1:21-cv-00368-CDB (SS)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ACTION FOR FURTHER PROCEEDINGS UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g)<br><br>(Doc. 18) |

Sam D'Ambrosio ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability insurance and supplemental security income benefits under the Social Security Act. (Doc. 1).  The matter currently is before the Court on the certified administrative record (Doc. 12) and the parties' briefs, which were submitted without oral argument.  (Docs. 18, 20-21).[2]

---

[1] On December 20, 2023, Martin O'Malley was named Commissioner of the Social Security Administration.  *See* https://www.ssa.gov/history/commissioners.html. He therefore is substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in [their] official capacity, be the proper defendant.").

[2] Both parties have consented to the jurisdiction of a magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1).  (Doc. 10).

1  Plaintiff asserts the Administrative Law Judge ("ALJ") committed two legal errors and requests
2  the decision of the Commissioner be vacated and remanded for further administrative
3  proceedings.  (Doc. 18 at 9-14).

## I.  BACKGROUND

### A. Administrative Proceedings

On May 9, 2012, Plaintiff filed an application for supplemental security income, alleging disability beginning February 1, 2007.  (Administrative Record ("AR") at 491).  The claim was denied initially on October 12, 2012, and upon reconsideration on May 22, 2013.  *Id*.  On August 1, 2014, Plaintiff, represented by counsel, appeared for a video hearing before ALJ Regina L. Sleater.  *Id*.  Vocational expert ("VE") Jose L. Chapparrp also testified at the hearing.  *Id*.

At the hearing, ALJ Sleater presented the VE with a hypothetical of an individual who could perform detailed instructions frequently but not constantly and would have no limitation in simple and repetitive tasks.  *Id*. at 683.  The VE noted that such a person could not perform Plaintiff's past work but could perform as an automobile salesperson or an automobile accessories salesperson.  *Id*. at 683-84.

On September 9, 2014, ALJ Sleater issued a decision finding that Plaintiff was not disabled.  *Id*. at 491-502.  In the decision, ALJ Sleater conducted the five-step sequential evaluation analysis set forth in 20 C.F.R. § 416.920.  *Id*. at 493-501.  In connection with this evaluation, ALJ Sleater assessed Plaintiff's residual functional capacity ("RFC") "to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can perform detail [*sic*] instructions no more than occasionally.  He has no limitations in the performance of simple routine tasking."  *Id*. at 495.  At step five, ALJ Sleater concluded that "[c]onsidering [Plaintiff's] age, education, work experience, and [RFC], [Plaintiff] has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy."  *Id*. at 500-01.  ALJ Sleater relied on the VE's testimony and noted that said testimony was consistent with the information contained in the Dictionary of Occupational Titles.  *Id*. at 501.

On February 25, 2016, the Appeals Council denied Plaintiff's request for review, making

ALJ Sleater's decision the final decision of the Commissioner. *Id*. at 507-10. On April 29, 2016, Plaintiff filed a complaint to this Court, seeking judicial review of the denial of his applications for benefits. *Id*. at 511-522. That same day, Plaintiff filed a subsequent claim for disability benefits. *Id*. at 573. The Commissioner lodged the administrative record on September 1, 2016. *Id*. at 557. Plaintiff filed an opening brief on November 21, 2016. *Id*. at 558. On January 21, 2017, Defendant filed a responsive brief and Plaintiff filed a reply on February 2, 2017. *Id*.

On August 4, 2017, the Honorable Magistrate Judge Sheila K. Oberto issued an order finding that the ALJ erred when presenting the hypothetical to the VE at step five of the sequential evaluation process and that this error was not harmless. *Id*. at 568. Specifically, Judge Oberto determined:

> "the ALJ presented a hypothetical to the VE that described an individual with an ability to perform detailed instructions that exceeded those of Plaintiff based on the ALJ's own RFC determined. Nonetheless, the ALJ relied on the VE's response to this erroneous hypothetical when making the step-five determination. (See AR 19-20.) As the ALJ's hypothetical to the VE did not accurately reflect Plaintiff's limitation as to performing detailed instructions, the Court finds that the ALJ erred in providing this hypothetical."

*Id*. at 567. Judge Oberto held ALJ Sleater's erroneous hypothetical regarding Plaintiff's ability to perform detailed instructions was not harmless. *Id*. at 568-69. Consequently, Judge Oberto held ALJ Sleater's disability determination was not supported by substantial evidence. *Id*. at 569-70. Judge Oberto found that "remand is warranted to afford an opportunity for Defendant to correct the error at step five of the sequential evaluation process." *Id*. at 570.

On December 7, 2017, the Appeals Council vacated the final decision of the Commissioner and remanded the case back to the ALJ. *Id*. at 571-74. The Appeals Council noted Plaintiff filed a subsequent claim for disability benefit that was a duplicate of his remanded claim. *Id*. at 573. The Appeals Council ordered the ALJ to "consolidate the claims files, associate the evidence, and issue a new decision on the consolidated claims." *Id*. Further, the Appeals Council stated: "the [ALJ] will offer [Plaintiff] the opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision." *Id*. On

1  January 3, 2018, the Commissioner acknowledged Plaintiff's request for a hearing in connection
2  with the Court's remand. *Id*. at 600-611. On September 4, 2018, Plaintiff, represented by
3  counsel, appeared for a hearing before ALJ Scot Septer. *Id*. at 460-87. VE Paul Stanford also
4  testified at the hearing. *Id*. at 462, 480-86.

**B. Medical Record and Hearing Testimony**

6  The relevant medical record and hearing testimony were reviewed by the Court and will
7  be referenced below as necessary to this Court's decision.

**C. The ALJ's Decision**

9  On December 3, 2018, ALJ Septer issued a decision finding that Plaintiff was not
10  disabled. *Id*. at 440-51. ALJ Septer conducted the five-step disability analysis set forth in 20
11  C.F.R. § 404.1520(a). *Id*. at 442-51. ALJ Septer noted Plaintiff had not engaged in substantial
12  gainful activity since May 9, 2012, the application date (step one). *Id*. at 442. ALJ Septer
13  acknowledged Plaintiff had the following severe impairments: depression and anxiety (step two).
14  *Id*. at 442-43.

15  ALJ Septer determined Plaintiff did not have an impairment or combination of
16  impairments that meets or medically equals the severity of one of the listed impairments in 20
17  C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). *Id*. at 443-45. ALJ Septer
18  noted Plaintiff had moderate limitations in understanding, remembering, applying information,
19  interacting with others, concentrating, persisting, and maintaining pace. *Id*. at 443-44. Further,
20  ALJ Septer determined Plaintiff possessed mild limitations for adapting or managing oneself. *Id*.
21  at 444. ALJ Septer held Plaintiff's mental impairments did not cause at least two "marked"
22  limitations or one "extreme" limitation, and, thus, that the "paragraph B" criteria were not
23  satisfied. *Id*. ALJ Septer also determined Plaintiff's mental impairments did not satisfy the
24  paragraph "C" criteria of the applicable mental disorder listings. *Id*.

25  ALJ Septer then assessed Plaintiff's RFC. *Id*. at 445. ALJ Septer determined that Plaintiff
26  retained the RFC:

> "to perform a full range of work at all exertional levels but with the following
> nonexertional limitations: the individual is able to perform jobs of a non-complex

4

nature requiring the performance of no more than simple, repetitive tasks.  The individual is able to maintain occasional contact with coworkers and members of the general public."

*Id*.  Thereafter, ALJ Septer summarized Plaintiff's symptom testimony.  *Id*.  ALJ Septer determined Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  *Id*. at 446.

ALJ Septer then summarized Plaintiff's treatment and consultative records.  *Id*. at 446-49.  ALJ Septer concluded Plaintiff's subjective allegations of debilitating limitation precluding all work activity are not supported by objective evidence.  *Id*. at 449.  ALJ Septer determined Plaintiff's activities of daily living were not consistent with one who suffers such severe limitations as to preclude all work activity.  *Id*.  Next, ALJ Septer determined Plaintiff was unable to perform any past relevant work (step four) but could perform a significant number of other jobs in the national economy, including hand packer, marker, and crate liner (step five).  *Id*. at 450-51.  Accordingly, ALJ Septer concluded Plaintiff is not disabled under the Act.  *Id*. at 451.

**D. The Appeals Council's Decision**

On May 4, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  *Id*. at 428-33.  Plaintiff filed this action on March 10, 2021, seeking judicial review of the denial of his application for benefits.  (Doc. 1).

**II.     LEGAL STANDARD**

**A. The Disability Standard**

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled."  42 U.S.C. §§ 402(d)(1)(B)(ii) and 1381(a).  An individual is "disabled" if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment …"[3]  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987)

---

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrated by medically acceptable clinical and laboratory

5

(quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).  To achieve uniformity in the decision-making process, the Social Security regulations set out a five-step sequential evaluation process to be used in determining if an individual is disabled.  *See* 20 C.F.R. § 404.1520; *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1194 (9th Cir. 2004).  Specifically, the ALJ is required to determine:

> (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically determinable "severe" impairments, (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4) whether the claimant retained the RFC to perform past relevant work and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the national and regional level.

*Stout v. Comm'r. Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  The burden of proof is on a claimant at steps one through four.  *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020) (citing *Valentine v. Comm'r of Soc. Sec. Admin*, 574 F.3d 685, 689 (9th Cir. 2009)).

Before making the step four determinations, the ALJ first must determine the claimant's RFC.  20 C.F.R. § 416.920(e).  The RFC is the most a claimant can still do despite their limitations and represents an assessment based on all relevant evidence.  20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. § 416.920(e); § 416.945(a)(2).  *E.g.*, *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) ("These regulations inform us, first, that in assessing the claimant's RFC, the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, whether severe or not severe.").  The RFC is not a medical opinion.  20 C.F.R. § 404.1527(d)(2).  Rather, it is a legal decision that is expressly reserved to the Commissioner.  20 C.F.R. § 404.1546(c); *see Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("[I]t is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity.").

At step five, the burden shifts to the Commissioner to prove that Plaintiff can perform

---

diagnostic techniques.  42 U.S.C. § 423(d)(3).

other work in the national economy given the claimant's RFC, age, education, and work experience. *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014). To do this, the ALJ can use either the Medical-Vocational Guidelines or rely upon the testimony of a VE. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006); *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001). "Throughout the five-step evaluation, the ALJ 'is responsible for determining credibility, resolving conflicts in medical testimony and for resolving ambiguities.'" *Ford*, 950 F.3d at 1149 (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

**B. Standard of Review**

Congress has provided that an individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits. 42 U.S.C. § 405(g). In determining whether to reverse an ALJ's decision, a court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). A court may set aside the Commissioner's denial of benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (quoting *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir, 1995)). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Rather, "[s]ubstantial evidence means more than a scintilla, but less than a preponderance; it is an extremely deferential standard." *Thomas v. CalPortland Co.*, 993 F.3d 1204, 1208 (9th Cir. 2021) (internal quotations and citations omitted).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (internal quotations and citations omitted). "If the evidence 'is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.'" *Ford*, 950 F.3d at 1154 (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). Even if the ALJ has erred, the Court may not reverse the ALJ's decision where the error is harmless. *Stout*,

454 F.3d at 1055-56.  An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determinations." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (quotation and citation omitted). The burden of showing that an error is not harmless "normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

### III.  LEGAL ISSUES

Plaintiff asserts "[t]he ALJ committed harmful error as the ALJ failed to follow this Court's previous order, which directed Defendant 'to correct the error at Step Five of the sequential evaluation process,' and failed to resolve the deficiencies he was directed to consider on remand." (Doc. 18 at 9-11).  Alternatively, Plaintiff argues the ALJ erred by rejecting Drs. Baca Morgan and Soad Khalifa's opinions of Plaintiff's mental impairments without proper evaluation.  *Id*. at 9, 11-14.

### IV.  DISCUSSION

**A. Whether the ALJ committed harmful error by failing to follow this Court's previous order.**

"The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by the same court or a higher court in the same case." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016).  Likewise, the rule of mandate dictates that any district court that has "received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012); *see United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995) ("[t]he rule of mandate is similar to, but broader than, the law of the case doctrine").  The Ninth Circuit has held that both the law of case of doctrine and rule of mandate apply to Social Security administrative remands from a federal district court in the same way they would apply in traditional civil actions.  *See Stacy*, 825 F.3d at 567-68; *see, e.g.*, *Nolte v. Astrue*, No. CV 11-02010-PHX-FJM, 2012 WL 4466558, at *2 (D. Ariz. Sept. 27, 2012).  Reversal is required under these doctrines where the ALJ's decision fails to comply with, or is otherwise inconsistent, with the "letter and the spirit" of the District Court's remand order.  *Ischay v. Barnhart*, 383 F. Supp.2d 1199, 1214 (C.D. Cal.

8

1    2005); *see Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) (holding that "deviation from the

2    [District] [C]ourt's remand order in…subsequent administrative proceedings is itself legal error,

3    subject to reversal on further judicial review").

4        As discussed above, in its earlier order remanding for further administrative proceedings,

5    the Court found "that remand is warranted to afford an opportunity for Defendant to correct the

6    error at step five of the sequential evaluation process." AR at 570. Thus, the remand order

7    limited the ALJ's review to a single issue—the prior ALJ's step-five reliance on VE testimony

8    that was based on a hypothetical that did not accurately reflect Plaintiff's RFC. *Id*. at 568-69; *cf.*

9    *Thai v. Kijakazi*, No. 23-cv-639-BLM, 2023 WL 8719460, at *3 (S.D. Cal. Dec. 18, 2023)

10   ("Judge Houston's order required the Defendant to re-evaluate Plaintiff's RFC and ability to

11   perform work existing in the economy. [] The scope of this broad remand order necessarily

12   included a reconsideration of all relevant evidence in the record including Plaintiff's medical and

13   vocational records and, therefore, was not limited to a narrow legal issue.").

14       Defendant argues this Court did not limit the ALJ to the previous RFC, but "gave the

15   Commissioner an opportunity to correct the step 5 error." (Doc. 20 at 3). Defendant asserts

16   "[u]pon remand, an ALJ is free to reevaluate the facts in evidence absent any restrictions by the

17   Appeals Council in its remand order" (*id.* at 3, citing *Houston v. Sullivan*, 895 F.2d 11012, 1015

18   (5th Cir. 1989), and if the Court had meant to limit the ALJ to the previous RFC, it "would have

19   explicitly said so." *Id*. at 4.

20       Defendant's arguments are unpersuasive. "[T]he rule of mandate encompasses issues

21   both expressly and impliedly resolved on appeal." *Gilreath v. Berryhill*, No. EDCV 16-02037-

22   JEM, 2017 WL 4564707, at *6 (C.D. Cal. Oct. 10, 2017). As one court explained:

23

24       "Th[is] point is particularly important in Social Security appeals because a district court is never called upon to address issues resolved in the claimant's favor; the claimant
25       obviously cannot challenge such determinations, and the Commissioner cannot challenge them because they were made by him (or his delegate) in the first place…[I]t follows from
26       this procedural anomaly that when a district court passes judgment on, for example, an ALJ's step-five determination, it has implicitly affirmed the determinations at all prior
27       steps."

28

*Almarez v. Astrue*, No. EDCV 09-00140-MAN, 2010 WL3894646, at *4-5 (C.D. Cal. Sept. 30, 2010) (quoting *Calderon v. Astrue*, 683 F.Supp.2d 273, 276 (E.D.N.Y. 2010)). Like *Almarez*, ALJ Sleater's "favorable" findings, namely her RFC determination (AR at 495), were not appealed and thus were not disturbed by the remand order. *See Almarez*, 2010 WL3894646, at *6. ALJ Septer was therefore "not authorized to revisit [Plaintiff's RFC] *in toto*, much less to render a new RFC finding that was less favorable to [P]laintiff." *Id*.; *Daniel v. Colvin*, No. CV 15-3397 JC, 2016 WL 1039166, at *5 (C.D. Cal. Mar. 10, 2016) (finding ALJ erred in "assessing plaintiff with a much less restrictive [RFC] than" prior ALJ when remand was based "on very narrow grounds-i.e., because substantial evidence did not support the [f]irst ALJ's non-disability determination at step five"); *e.g., Sanchez v. Astrue*, No. 1:11-cv-00254-SKO, 2012 WL 3704756, at *13-14 (E.D. Cal. Aug. 27, 2012) (finding second ALJ violated law of the case and rule of mandate in failing to comply with district court's remand directions).

Defendant's citation to *Houston* for the proposition that "an ALJ is free to reevaluate the facts in evidence absent any restrictions by the Appeals Council in its remand order" (Doc. 20 at 3) is inapt under the circumstances presented here. Thus, the Court in *Houston* addressed an ALJ's scope of review upon remand of a matter by the Appeals Council in the first instance pursuant to section 404.977 – not an ALJ's scope of review upon remand by the district court.

Despite ALJ Septer acknowledging he had "to be in-step with what the Remand Order is[,]" (AR at 462), he did not address the singular issue that was the subject of Plaintiff's appeal and this Court's remand. *See* AR at 567 (specifying the issue warranting remand: "the ALJ presented a hypothetical to the VE that described an individual with an ability to perform detailed instructions that exceeded those of Plaintiff based on the ALJ's own RFC determined."). Rather than correct this error, ALJ Septer removed the disabling limitation and assessed a less restrictive RFC. *See* AR at 445. Therefore, ALJ Septer's RFC determination failed to comply with both the "letter and the spirit" of this Court's remand. *Ischay*, 383 F. Supp.2d at 1214.

Defendant argues it complied with the Court's order and that the ALJ was not required to make any particular findings on remand. (Doc. 20 at 4, citing *inter alia Torres v. Saul*, No. 18-35965, 2019 WL 6970662, at *2 (9th Cir. 2019)). Defendant highlights that the record was

1  "substantially augmented with new evidence" with "more than 400 pages of new testimony,
2  application updates, and medical records." *Id*.

3      Defendant is incorrect in his characterization that the *Torres* court was confronted "with a
4  similar point of error" as raised here. (Doc. 20 at 4). As the appellate briefs in *Torres* make
5  clear, the district court order remanding in that case directed the ALJ to develop the record by
6  obtaining a consultative examination to consider limiting effects of the claimant's impairment.
7  *See* (No. 18-35965, AOB, Doc. 8 at 30-31). The claimed error was that the ALJ then rejected the
8  findings of the examiner. *Id.* Thus, the record on remand in *Torres* was "substantially
9  augmented" because the district court in that case ordered the record be further developed. There
10 was no similar finding of error by the district court here and there likewise was no order by the
11 district court for the ALJ on remand to augment the record.

12     In all events, the law of the case doctrine "is concerned primarily with efficiency[] and
13 should not be applied when the evidence on remand is substantially different, when the
14 controlling law has changed, or when applying the doctrine would be unjust." *Stacy*, 825 F.3d at
15 567; *see Celedon v. Berryhill*, No. 1:16-cv-00440-JLT, 2017 WL 3284519, at *6 (E.D. Cal. Aug.
16 2, 2017) (reevaluation of an RFC did not violate the rule of mandate where the remand was based
17 on a "woefully inadequate record" and new evidence with a "potential impact" on the RFC was
18 introduced on remand). As the record on remand often includes evidence that post-dates the
19 ALJ's initial decision, any new evidence presented must be substantially different, or the law of
20 the case doctrine would be rendered meaningless in Social Security cases. *Marquita Marie Q v.*
21 *Saul*, No. 3:19-cv-01280, 2020 WL 7024653 at *7 (S.D. Cal. Nov. 30, 2022); *see Merritt v.*
22 *Mackey*, 932 F.2d 1317, 1321 (9th Cir. 1991) ("The prior decision of legal issues should be
23 followed on a later appeal unless the [subsequent] evidence…was substantially different[.]")
24 (internal citations and punctuation marks omitted).

25     In *Stacy*, the plaintiff provided "surpris[ing]" new evidence during the hearing that "led a
26 VE to conclude, for the first time, that [the plaintiff] could still perform" his prior work. 825 F.3d
27 at 567. The Ninth Circuit concluded that the ALJ did not exceed her authority under the "broad
28 remand order." *Id*. at 569. The ALJ had been "told to formulate a correct RFC," which logically

1  resulted in the ALJ asking the plaintiff about his past work, and "was surprised to learn that it was
2  mostly supervisory." *Id*. Upon learning this "new, highly probative" testimony, the ALJ
3  revisited the categorization of the plaintiff's former job and his ability to perform it, which was
4  neither required nor prohibited by the Court's mandate. *Id*.

5      *Stacy* is distinguishable. Judge Oberto's remand order is not as "expansive" as the ones
6  prescribed in *Stacy*. Further, neither ALJ Septer nor Defendant in its moving papers identified
7  any "bombshell" evidence on remand that was different than the evidence already in the record.
8  *See Huong Thi N. v. Berryhill*, No. 3:16-cv-02258-JE, 2018 WL 3312984, at *6 (D. Or. July 5,
9  2018). For example, ALJ Septer found the opinions of Drs. Dara Goosby and R. Paxton, from
10  Plaintiff's second application, were "consistent with the medical evidence of record." AR at 447.
11  ALJ Septer found the opinions of psychological consultants Drs. Ekram Michiel and Jerry
12  Livesay were "generally consistent with the opinion of Dr. Richard Englen." AR at 447-48. And
13  ALJ Sleater had already considered Dr. Englen's opinion in 2014. *Id*. at 16-17.

14      ALJ Septer also reviewed new evidence from Plaintiff's treating psychiatrist, Dr. Alexia
15  Baca-Morgan. *Id*. at 448-49. ALJ Septer noted Dr. Baca-Morgan's recent opinions varied in
16  degree of impairment but concluded the overall record supported Plaintiff's social and
17  concentration limitations. *Id*. at 448. Thus, ALJ Septer did not identify any substantially
18  different evidence from Plaintiff's treatment with Dr. Baca-Morgan that would have required a
19  revised RFC.

20      The Court's independent review of the "new testimony, application updates, and medical
21  records" (AR 462-87, 526-55, 688-1,122), reveals them to be "generally consistent with the
22  overall record." *Huong Thi N.*, 2018 WL 3312984, at *6. For example, "new evidence"
23  regarding Plaintiff's ability to concentrate and carry out instructions largely mirrors the record
24  that was before ALJ Sleater. Because the record before ALJ Septer did not contain "substantially
25  different" evidence that would have materially changed Plaintiff's 2014 RFC, the Court finds that
26  ALJ Septer erred in revaluating Plaintiff's RFC.

27      Plaintiff argues ALJ Septer's error is harmful, because the jobs cited at step five (hand
28  packer, marker, and crate liner) all require the performance of detailed instructions. (Doc. 18 at

11). Plaintiff notes each of these jobs requires a "Reasoning Level of 2," which demands a worker "apply commonsense understanding to carry out detailed but uninvolved written or oral instructions." *Id*. Plaintiff contends "[t]he ALJ's prior RFC which maintained that [he] can perform detailed instructions no more than occasionally would likely preclude the performance of these jobs, which generally involve the performance of detailed instructions." *Id*.

In the Dictionary of Occupational Titles, each job description includes a General Education Development ("GED") definition that "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." *Salas v. Astrue*, No. 1:10-cv-0478 SKO, 2011 WL 2620370, at *5 (E.D. Cal. June 29, 2011) (quoting *Grigsby v. Astrue*, No. EDCV 08-1413 AJW, 2010 WL 309013, at *2 (C.D. Cal. Jan. 22, 2010)). The GED includes a scale for "reasoning development," which ranges from Level 1 (low) to Level 6 (high). *Id*. The Dictionary of Occupational Titles indicates Reasoning Level 2 requires the following cognitive functioning: "Level 2: Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions.  Deal with problems involving a few concrete variables in or from standardized situations."  DOT-Appendix C, Section III, 1991 WL 688702; *see Rounds v. Comm'r SSA*, 807 F.3d 996, 2002-03 (9th Cir. 2015).

The Ninth Circuit repeatedly has determined that the ability to perform "simple" work corresponds with Reasoning Level 2 abilities. *E.g., Davis v. Saul*, 846 F. App'x 464, 466 (9th Cir. 2021); *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015) (comparing Reasoning Levels 2 and 3 "side-by-side," and finding a claimant's limitation to "simple jobs" was consistent with the Reasoning Level 2 ability "to carry out detailed but uncomplicated instructions and dealing with problems involving few variables," but in conflict with Reasoning Level 3); *Ranstrom v. Colvin*, 622 F. App'x 687, 688 (9th Cir. 2015)  ("There is no appreciable difference between the ability to make simple decisions based on 'short, simple instructions' and the ability to use commonsense understanding to carry out 'detailed but uninvolved ... instructions,' which is what Reasoning Level 2 requires").  "Consequently, courts also indicated there is not a conflict between simple work and Reasoning Level 2."  *Cervantes v. O' Malley*, No. 1:22-cv-1565 JLT GSA, 2024 WL 1173827, at *4-5 (E.D. Cal. Mar. 19, 2024) (collecting cases).

13

Here, the applicable 2014 RFC provides "the following nonexertional limitations: [Plaintiff] can perform detail instructions no more than occasionally. He has no limitations in the performance of simple routine tasking." AR at 495. However, ALJ Septer proffered to the VE a hypothetical of an individual capable of performing jobs of a non-complex nature that required the performance of no more than simple, respective tasks. *Id*. It is unclear whether, had ALJ Septer provided the VE with a hypothetical that included an individual that could perform detailed instruction no more than occasionally, the VE nevertheless would have found the hand packer, marker, and crate liner positions appropriate for such an individual. Accordingly, this error was not harmless, and reversal of ALJ Septer's order is required.

### B. Whether the ALJ Erred by Rejecting Drs. Baca Morgan and Soad Khalifa's Opinions of Plaintiff's Mental Impairments Without Proper Evaluation.

Because the Court finds reversal is warranted, the undersigned declines to adjudicate Plaintiff's separate claim of error regarding the ALJ's evaluation of Plaintiff's subjective complaints. *See Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990) ("Because we reverse, we do not reach the other arguments raised."); *see also Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (same); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand."); *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) (per curiam) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").

## V.     REMEDY

The decision whether to remand a matter pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an administrative agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Generally, an award of benefits is directed when:

(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). In addition, an award of benefits is directed where no useful purpose would be served by further administrative proceedings, or where the record is fully developed. *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1998). Here, the ALJ failed to "correct the error at step five of the sequential evaluation process." Because this issue could be resolved before determining the existence of a disability, the Court finds that remand is warranted.

## VI.   CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Plaintiff's motion for summary judgment (Doc. 18) is GRANTED;
2. The decision of the Commissioner is reversed, and this matter is remanded back to the Commissioner of Social Security to correct the error at step five based on the 2014 RFC assessed by ALJ Sleater; and
3. The Clerk of Court is DIRECTED to enter judgment in favor of Plaintiff Sam D'Ambrosio, and against Defendant Martin O'Malley, Commissioner of the Social Security Administration.

IT IS SO ORDERED.

Dated:   **June 25, 2024**

UNITED STATES MAGISTRATE JUDGE