UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM D' AMBROSIO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No.  1:21-cv-00368-CDB (SS)<br><br>ORDER ON STIPULATION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)<br><br>(Doc. 28) |

　　　　Pending before the Court is the stipulated request of Plaintiff Sam D' Ambrosio ("Plaintiff") for the award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[1]  (Doc. 28).  Plaintiff requests an award of attorney's fees in the amount of $6,250.00 to counsel for Plaintiff, Jonathan O. Peña.  *Id*.

　　　　On June 25, 2024, the Court issued an order granting Plaintiff's motion for summary judgment and remanding this action for further proceedings under sentence four 42 U.S.C. § 405(g).  (Doc. 25).  The Court held the Administrative Law Judge erred by failing to "correct the error at step five of the sequential evaluation process."  *Id*. at 8-15.  That same day, judgment was entered in favor of Plaintiff against the Commissioner of Social Security ("Commissioner" or "Defendant").  (Doc. 26).

---

[1] Both parties have consented to the jurisdiction of a U.S. magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1). (Doc. 10).

1

On September 19, 2024, the parties filed the pending stipulated request for attorney fees. (Doc. 28). In the parties' stipulated request, Plaintiff requests an award of attorney fees as the prevailing party. *Id.*; *see Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who prevails in a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). Plaintiff's request is timely. *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." *Id*. To be "substantially justified," the government's litigation position and the underlying agency action must have a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Ibrahim v. DHS*, 912 F.3d 1147, 1167 (9th Cir. 2019) (en banc). A determination that an ALJ's decision "was unsupported by substantial evidence is therefore a strong indication that the 'position of the United States'…was not substantially justified." *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005). Because "substantial evidence" is a "deferential…standard of review" and refers to "such relevant evidence as a reasonable person might accept as adequate to support a conclusion," a finding that substantial evidence is lacking usually means "the government's underlying action was not substantially justified." *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013). Here, the Court determined the ALJ erred at step five and the ALJ's decision was not supported by substantial evidence. (Doc. 25 at 14). Moreover, the Commissioner has stipulated to Plaintiff's request. (Doc. 28). Accordingly, Plaintiff is eligible for EAJA fees.

Having determined that Plaintiff is eligible for EAJA fees, the Court must determine what fee is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990). Plaintiff requests an award of $6,250.00. (Doc. 28). Counsel for Plaintiff has provided an itemization of the hours worked on this case (30.7 hours) and requests the statutory maximum hourly rates authorized by the EAJA for 2021 ($217.54), 2022 ($234.95), and 2023-24 ($244.62). (Doc. 28-2); *see Thangaraja*

*v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005).[2]  The Court has reviewed the docket and finds this request reasonable and commensurate with the number of hours an attorney reasonably would need to have spent reviewing the certified administrative record in this case (1,128 pages) and preparing a motion for summary judgment raising two issues for review.  (Docs. 12-1, 18).  With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further administrative proceedings.  (Docs. 25-26).

EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010).  If the Commissioner determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

Accordingly, it is HEREBY ORDERED:

1. Plaintiff's stipulated request for the award of attorney's fees pursuant to EAJA (Doc. 28) is GRANTED;

2. The Commissioner is directed to pay Plaintiff as the prevailing party attorney fees in the amount of $6,250.00.  Unless any offsets are applied under TOP, the government shall make payment of the fees to Plaintiff's counsel Jonathan O. Peña in accordance with Plaintiff's assignment of fees and subject to the terms of the stipulation.

IT IS SO ORDERED.

Dated:    **September 25, 2024**                    _____
                                                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Statutory Maximum Rates Under the Equal Access to Justice, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited September 23, 2024).

3